**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley Alan Crain,<br><br>    Plaintiff,<br><br>v.<br><br>Trans Union LLC,<br><br>    Defendant. | No. CV-24-02784-PHX-DWL (ESW)<br><br>**ORDER** |

On August 12, 2024, Plaintiff (who is proceeding *pro se*) initiated an action in Maricopa County Superior Court by filing a complaint naming Trans Union LLC ("Defendant") as the sole defendant. (Doc. 1-1 at 8-20.) On October 14, 2024, Defendant timely removed the action to this Court on the basis of federal-question jurisdiction. (Doc. 1.) That same day, the Clerk's office issued a notice of assignment. (Doc. 3.) Attached to the notice of assignment was a form entitled "Warnings," which, among other things, advised Plaintiff of the existence of "the Handbook for Self-Represented Litigants" and warned that "[a]ll litigants are required to follow the Federal and Local Rules of Civil Procedure for the District of Arizona." (Doc. 3-1 at 4.)

On October 21, 2024, Defendant filed a Rule 12(e) motion for a more definite statement. (Doc. 5.) Plaintiff filed an opposition to the motion (Doc. 6), but Judge Bolton granted it and gave Plaintiff a deadline to file a First Amended Complaint ("FAC"). (Doc. 10.) Plaintiff later sought and obtained an extension of that deadline (Docs. 11, 12) and then filed the FAC on May 22, 2025. (Doc. 13.) On June 5, 2025, Defendant responded

1  by filing a timely Rule 12(b)(6) motion to dismiss the FAC.  (Doc. 14.)  The motion asks
2  the Court to dismiss the FAC with prejudice and without leave to amend.  (*Id.* at 9.)

3  Under LRCiv 7.2(c), Plaintiff's response was due 14 days later, *i.e.,* by June 19,
4  2025.  That deadline expired three months ago and Plaintiff has still not responded.
5  Moreover, Defendant filed a notice on July 18, 2025 that asked the Court to summarily
6  grant the motion to dismiss pursuant to LRCiv 7.2(i) based on Plaintiff's failure to respond.
7  (Doc. 15.)  Again, Plaintiff has taken no action in the two months since that notice was
8  filed.

9  Under LRCiv 7.2(i), "if [an] unrepresented party . . . does not serve and file the
10 required answering memoranda, . . . such non-compliance may be deemed a consent to the
11 denial or granting of the motion and the Court may dispose of the motion summarily."  As
12 noted, Plaintiff was previously advised of his obligation to adhere to "the Federal and Local
13 Rules of Civil Procedure for the District of Arizona" (Doc. 3-1 at 4) and was later
14 specifically reminded that his failure to respond to the motion to dismiss could result in the
15 summary granting of that motion under LRCiv 7.2(i) (Doc. 15), yet neither of those
16 warnings prompted Plaintiff to take further action.

17 "Failure to follow a district court's local rules is a proper ground for dismissal . . .
18 [but] [b]efore dismissing the action, the district court is required to weigh several factors:
19 (1) the public's interest in expeditious resolution of litigation; (2) the court's need to
20 manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
21 disposition of cases of their merits; and (5) the availability of less drastic sanctions."
22 *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  *See also Wystrach v. Ciachurski*, 267 F.
23 App'x 606, 607-08 (9th Cir. 2008) ("The court also did not abuse its discretion in applying
24 its local rule summarily to grant defendants' motion to dismiss because plaintiffs failed
25 timely to respond.  Local Rule 7.2(i) of the Rules of Practice of the United States District
26 Court for the District of Arizona authorizes a court to dispose summarily of a motion, if
27 the non-moving party fails to serve and file the required answering memorandum.").  The
28 Court has considered the relevant factors and concludes they support dismissal without

prejudice under these circumstances, where Plaintiff's non-compliance has thwarted the public's interest in expedited resolution of litigation and interfered with the Court's ability to manage its docket and Defendant faces a risk of prejudice from further delay. These considerations outweigh the public policy favoring disposition of cases on their merits, and a without-prejudice dismissal is the only feasible alternative to a with-prejudice dismissal.

Accordingly,

**IT IS ORDERED** that:

1. Defendant's motion to dismiss (Doc. 14) is **summarily granted**.

2. The FAC is dismissed without prejudice. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 19th day of September, 2025.

_____
Dominic W. Lanza
United States District Judge

- 3 -